IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                                         OPINION & ORDER

JEFFREY MEYER, PATRICK GORMAN, and                16-cv-526-jdp
CORY SABISH,

                Defendants.[1]

---

I previously granted pro se plaintiff Demetrius Cooper leave to proceed with Eighth Amendment excessive force, failure to protect, and deliberate indifference claims against defendants Jeffrey Meyer, Patrick Gorman, and Cory Sabish of the Waupun Correctional Institution (WCI) concerning a February 2016 incident in which Gorman hurt Cooper while placing handcuffs on him, Meyer and Sabish failed to protect Cooper from Gorman, and all three defendants were deliberately indifferent to Cooper's resulting pain. Dkt. 10. Cooper has filed several motions for assistance in recruiting counsel, all of which I have denied. But in his most recent motion, Cooper indicated that he was unable to purchase the materials necessary to communicate with the court. Dkt. 23. I ordered defendants to show cause why I should not order that Cooper be provided legal supplies reasonably necessary to litigate the case, including writing utensils, paper, photocopies, envelopes, and postage. Dkt. 24. Defendants have responded to my order. Although I gave Cooper the opportunity to oppose defendants' response, he has not done so. Instead, he has filed two motions for leave to amend his

---

[1] I have updated the caption to reflect defendants' full names. *See* Dkt. 14.

complaint, Dkt. 30 and Dkt. 32, and a motion for a "protective order." Dkt. 33. I will address defendants' response to the order to show cause and Cooper's motions.

**A. Order to show cause**

In Cooper's most recent motion for assistance in recruiting counsel, he explained that WCI staff denied his January 5, 2017 request for a legal loan because he had other funds available, as shown by his purchase of a razor and paper at the canteen. WCI records confirm that he spent 50 cents at the canteen on December 28, 2016, and was denied a legal loan because of "recent canteen spending." Dkt. 23-1, at 6. Cooper contended that without a legal loan, he would not be able to pay for postage or other materials so that he may submit new filings with the court.

The Constitution guarantees prisoners the right to have "meaningful access to the courts," *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)), and part of this right is that "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25. So on March 3, 2017, I ordered defendants to show cause why I should not order that Cooper be provided legal supplies reasonably necessary to litigate the case, including writing utensils, paper, photocopies, envelopes, and postage. Dkt. 24.

Defendants responded on March 13, arguing that Cooper has not demonstrated that he is unable to purchase legal supplies reasonably necessary to litigate his case. In support, defendants point to Cooper's canteen purchase history and inmate bank account records, which indicate that Cooper usually earns about $4 every few weeks, he spent more than $6 on non-legal supplies at the canteen during the month of February, and he had $2.91 in his

regular account as of March 6. *See* Dkt. 29-2 and Dkt. 29-3. These are meager amounts, but they indicate that Cooper should be able to budget for legal supplies.

Although my March 3 order to show cause indicated that Cooper could file a response to defendants' brief within 14 days of receiving a copy of it, Cooper did not do so. I do not take Cooper's silence to indicate that he is unable to communicate with the courts, because his account records show that he had enough money in his account to afford paper, a pen, and a stamped envelope, and because he recently filed a motion for leave to amend his complaint.

Although defendants' silence about whether they supply Cooper, or any indigent inmate, with paper, pen, and stamps to draft and mail legal documents regardless of the legal loan program gives me pause, Cooper has not indicated that he is unable to litigate his case using the money available in his regular account. At this point, I see no need to order defendants to supply Cooper with legal supplies necessary to litigate his case. Should Cooper find himself without sufficient funds to litigate aspects of this case, he should let the court know, but he will need to explain what tasks he is unable to complete.

**B. Motions for leave to amend**

Cooper moves to amend his complaint to (1) identify the correct date of the events forming the basis of his claims; (2) to add two more claims for "deliberate indifference to mental health needs" and "corporal punishment" concerning the same incident at issue in his original complaint, Dkt. 30, at 1; and (3) to add claims against Gorman and Jason Rosenthal concerning events arising after Cooper filed his original complaint. Under Federal Rule of Civil Procedure 15 the court should freely give leave to amend a complaint when justice so requires. I will grant Cooper's motion to amend his complaint to state that the events at issue

occurred on February 2, 2016, not February 4, as he alleged in his original complaint. As for Cooper's request to add new claims, I must screen his proposed claims under 28 U.S.C. § 1915A, just as I screened the claims in his original complaint. I will allow him to move forward with new claims against defendants Gorman and Meyer, and I will accept his amended complaint, Dkt. 31, as supplemented by his most recent motion to amend, Dkt. 32, as the operative pleading. I will order defendants to answer Cooper's amended complaint.

1.  **Claims concerning the February 2016 incident**

Cooper first contends that during the February 2016 incident, Gorman, Meyer, and Sabish were deliberately indifferent to his mental anguish. To state this claim, Cooper must allege that defendants were aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Cooper alleges that when he asked Meyer to place him in clinical observation because he had suicidal thoughts and may harm himself if left alone in his cell, Meyer did not take Cooper to clinical observation but instead restrained Cooper (hurting Cooper's wrist in the process) and, with Gorman's help, secured Cooper to a strip-cage door for at least 90 minutes. Gorman then asked Cooper if he wished "to go into clinical observation and continue to be in restraints or alternatively go back to [his] cell." Dkt. 31, at 5. Drawing all reasonable inferences in Cooper's favor, his allegations show that Meyer and Gorman were aware of his mental anguish and risk of suicide—a serious harm, *see Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010)—but refused to provide him with appropriate mental health care and instead restrained him. Although the act of restraining Cooper may have rendered him incapable of committing suicide, it did not reasonably address his mental anguish. And although Gorman offered Cooper the opportunity to go to clinical observation, he made it clear that if Cooper

4

accepted the offer, he would have to remain in the restraints that had been hurting him. Cooper states a claim against Meyer and Gorman. But Cooper does not allege that Sabish was aware of Cooper's suicidal thoughts or mental anguish. He alleges only that Sabish was aware of Cooper's complaints about his physical pain from the handcuffs that Meyer applied too tightly. So he does not state a claim against Sabish.

Second, Cooper contends that Meyer and Gorman violated his Eighth Amendment rights by subjecting him to corporal punishment by handcuffing Cooper to the strip-cage door "for several hours in an awkward position while resting on his very wrist he complained of pain." Dkt. 31, at 9. I already granted Cooper leave to proceed on an excessive force claim against Meyer for applying the handcuffs too tightly, deliberate indifference claims against Gorman and Sabish for failing to intervene or loosen the handcuffs, and deliberate indifference claims against all three defendants for denying Cooper medical treatment for his resulting pain. I am convinced that this is the proper way to characterize Cooper's claims. *See Ajala v. Tom*, 658 F. App'x 805 (7th Cir. 2016) (indicating that an excessive force claim for the application of too-tight handcuffs and deliberate indifference claims for the refusal to loosen the handcuffs during a four-hour period in which the prisoner was shackled to the floor was the proper characterization); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578, 1582-83 (7th Cir. 1994) (concluding that shackling prisoners "by their hands and feet to their cells standing ankle-deep in water" for three hours, "although uncomfortable," and although "there was another location that the prisoners could have been placed while the water was removed, does not violate any constitutional right").

Cooper argues that he states a claim under *Gates v. Collier*, a Fifth Circuit case that held that

> administering milk of magnesia as a form of punishment, stripping inmates of their clothes, turning the fan on inmates while naked and wet, depriving inmates of mattresses, hygienic materials, and adequate food, handcuffing inmates to the fence and to cells for long periods of time, shooting at and around inmates to keep them standing or moving, and forcing inmates to stand, sit or lie on crates, stumps or otherwise maintain awkward positions for prolonged periods . . . . run afoul of the Eighth Amendment, offend contemporary concepts of decency, human dignity, and precepts of civilization which we profess to possess.

501 F.2d 1291, 1306 (5th Cir. 1974). But being handcuffed to a strip-cage door in an uncomfortable position for several hours is a long way from the forms of corporal punishment described by the Fifth Circuit. Even if I were to analyze Cooper's claim under *Gates*, I would conclude that he does not state a separate claim under the Eighth Amendment for the mere fact that he remained handcuffed to a strip-cage door for several hours. Rather, as I explained in my screening order, Cooper's Eighth Amendment claims concern Meyer's allegedly excessive use of force when applying the handcuffs to Cooper, Gorman and Sabish's failure to protect Cooper from Meyer's excessive force, all three defendants' failure to address Cooper's resulting pain, and now, Meyer and Gorman's deliberate indifference to Cooper's mental anguish.

### 2. Claims concerning the March 2017 incident

Cooper also moves to amend his complaint to include new claims, and a new defendant, concerning events that occurred after he filed his original complaint. Dkt. 32. Cooper alleges that on March 8, 2017, Gorman placed a razor in Cooper's food in retaliation for Cooper filing this suit. He alleges that his mouth was injured by the razor. And he alleges that when he asked Jason Rosenthal, another WCI officer, to photograph his injuries, Rosenthal refused "in an attempt to cover up [Gorman's] wrong-doing." *Id.* at 1.

Cooper purports to bring a First Amendment retaliation claim against Gorman. To state a claim of First Amendment retaliation, Cooper must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). The filing of a lawsuit is protected by the First Amendment. *See Novoselsky v. Brown*, 822 F.3d 342, 355 (7th Cir. 2016). Physically harming someone by placing a dangerous item in their food would likely deter further First Amendment activity. Cooper alleges that Gorman placed the razor in Cooper's food because Cooper filed this lawsuit, so Cooper states a claim under the First Amendment against Gorman.

Reading Cooper's complaint generously, he also states an Eighth Amendment claim against Gorman, even though he does not ask for leave to amend his complaint to add this claim. "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Cooper alleges that Gorman physically harmed him placing a dangerous item in his food, so he states a claim under the Eighth Amendment against Gorman.

Cooper also asks for the court's leave to add a claim that Rosenthal "violated . . . Cooper's right to access the courts." Dkt. 32, at 2. Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). To state an access-to-the-courts claim, an inmate must allege that the defendant actually "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Cooper does not allege that Rosenthal denied him access to the courts, nor can he: as the above discussion

7

demonstrates, he will be allowed to bring his claim concerning the razor incident despite Rosenthal's actions. *See id.* at 350-54 (holding that an access-to-the-courts claim requires an "actual injury" and noting that the right of access to the courts is limited to "a right to bring to court a grievance that the inmate wished to present"). Cooper could only bring such a claim if his claim is dismissed because of Rosenthal's actions. Cooper cannot state an access-to-the-courts claim against Rosenthal at this point.

## C. Motion for preliminary injunction

Finally, Cooper moves the court for a "protective order" against Gorman. Dkt. 33. He repeats his allegations that Gorman placed a razor in Cooper's food on March 8, 2017. He alleges that he "has not been able to eat or sleep properly" ever since. *Id.* at 1. He asks the court to "place a protective order preventing Mr. Gorman from having any interaction with Mr. Cooper." *Id.* I take Cooper to move for a preliminary injunction under Federal Rule of Civil Procedure 65. To obtain injunctive relief, Cooper must demonstrate (1) a likelihood of success on the merits of his retaliation claim against Gorman; (2) the lack of an adequate remedy at law and irreparable harm absent the injunction; (3) that the balance of harms tips in Cooper's favor; and (4) that the public interest favors the injunctive relief. *Lucini Italia Co. v. Grappolini*, 288 F.3d 1035, 1038 (7th Cir. 2002).

Cooper's motion is threadbare, and he fails to support his motion with any admissible evidence. So I will allow Cooper to file a brief in support of his motion. Cooper should attempt to comply with the court's procedure on motions for injunctive relief, which is attached to this order. Cooper should include with his brief an affidavit or declaration clearly laying out the facts concerning Gorman's retaliation. I will set deadlines for Gorman's

response brief and Cooper's reply brief. After reviewing the parties' submissions, I will determine whether a hearing is necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motions to amend his complaint, Dkt. 30 and Dkt. 32, are GRANTED in part and DENIED in part. Plaintiff is now proceeding on the following claims:

    a. An Eighth Amendment excessive force claim against defendant Jeffrey Meyer.

    b. Eighth Amendment failure to protect claims against defendant Patrick Gorman and Cory Sabish.

    c. Eighth Amendment medical care claims against defendants Meyer, Gorman, and Sabish.

    d. Eighth Amendment mental health care claims against defendants Meyer and Gorman.

    e. A First Amendment retaliation claim against defendant Gorman.

    f. An Eighth Amendment cruel and unusual punishment claim against defendant Gorman.

2. The court accepts plaintiff's amended complaint, Dkt. 31, as supplemented by his motion to amend, Dkt. 32, as the operative pleading. Defendants must file an answer by May 11, 2017.

3. Plaintiff may have until May 18, 2017, to file a brief in support of his motion for preliminary injunction, Dkt. 33.

4. Defendant Gorman may have until June 8, 2017, to respond to plaintiff's motion for preliminary injunction.

5. Plaintiff may have until June 22, 2017, to file his reply in support of his motion for preliminary injunction.

Entered April 20, 2017.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge