IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                    ORDER

JEFFREY MEYER, PATRICK GORMAN, and          16-cv-526-jdp
CORY SABISH,

                Defendants.

---

    I previously granted pro se plaintiff Demetrius Cooper leave to proceed with claims under the First and Eighth Amendments against defendants Sergeant Meyer, Officer Gorman, and Captain Sabish of the Waupun Correctional Institution (WCI). Dkt. 34. Cooper has moved for assistance in recruiting counsel on three separate occasions, and I have denied each motion because he has not demonstrated that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. Dkt. 10; Dkt. 22; Dkt. 24.

    Now Cooper moves for reconsideration of these orders. Dkt. 49. He points to three documents to support his contention that he is unable to prosecute his case without counsel: (1) a psychological services report indicating that he has been diagnosed with post-traumatic stress disorder; (2) a test report indicating that Cooper reads at a third-grade level; and (3) an affidavit from Cooper's "jailhouse lawyer" stating that although he assisted Cooper with his previous filings, he can no longer do so.

    Mental health conditions and a lack of education are, unfortunately, common among prisoners litigating in this court and are not alone reasons to recruit counsel. Cooper's reading

level does not appear to have hindered him so far. His jailhouse lawyer stopped helping him on May 10, 2017, according to the affidavit, but Cooper was able to file this motion, which is clear and organized, on June 5. Cooper has not identified what tasks, specifically, he is unable to perform without counsel. I am not yet convinced that this case outstrips his abilities. At this point, he appears capable of continuing pro se, so I will deny his motion to recruit counsel without prejudice to renewing his motion later in the case, particularly if complex medical issues become the focus of the case.

ORDER

IT IS ORDERED that plaintiff Demetrius Cooper's motion to reconsider appointment of counsel, Dkt. 49, is DENIED.

Entered June 13, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge