IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

          Plaintiff,

v.                                                      ORDER

JEFFREY MEYER, PATRICK GORMAN, and     16-cv-526-jdp
CORY SABISH,

          Defendants.

---

Pro se plaintiff Demetrius Cooper, a state prisoner confined at the Waupun Correctional Institution (WCI), is proceeding on claims under the First and Eighth Amendments against defendants Sergeant Jeffrey Meyer, Correctional Officer Patrick Gorman, and Captain Cory Sabish of WCI. He alleges that Meyer used excessive force when restraining Cooper with handcuffs, that Gorman and Sabish failed to intervene despite witnessing the use of excessive force, that all three defendants demonstrated deliberate indifference to Cooper's medical need caused by Meyer's excessive force, and that Gorman later retaliated against Cooper by placing a razor blade in Cooper's food. Cooper now moves for a preliminary injunction under Federal Rule of Civil Procedure 65. Dkt. 33. Specifically, he asks the court to prevent Gorman from having any interaction with him. He also asks the court to order defendants to preserve the razor blade as evidence, Dkt. 64, and to grant him leave to amend his complaint, Dkt. 67. I will deny his motions.

A. Motion for preliminary injunction

A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher*

*v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). To obtain injunctive relief, Cooper must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claims has some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). If Cooper makes this showing, he must further demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.*

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." § 3626.

Here, Cooper has not shown that the preliminary injunction he requests will correct any harm or that the potential benefit will outweigh the burden on the prison system. According to Cooper, Gorman was passing out lunch trays on March 8, 2017, while Cooper was discussing this lawsuit. Gorman told Cooper, "You won't get a chance to enjoy any of it." Dkt. 38, ¶ 3. Cooper began eating his soup and discovered a razor in it, which cut his mouth. When Gorman and Correctional Officer Jason Rosenthal returned to pick up the empty lunch trays, Cooper told them about the razor. Cooper (and several other inmates, according to their affidavits) heard Gorman tell Rosenthal, "I put that there hoping [Cooper would] swallow it." *Id.* ¶ 6. Defendants agree that Cooper handed Rosenthal part of a razor blade on March 8, but

as one might imagine, they dispute the rest of Cooper's account.[1] So if the sole question to be answered were whether Gorman placed a razor blade in Cooper's soup, an evidentiary hearing would be necessary. *See Dexia Crédit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010).

But here, I can deny Cooper's motion without answering this question. Even if Cooper's version of the March 8 events is true, Cooper has not shown that Gorman is likely to make a successful attempt on Cooper's life in the future, and he certainly has not shown that the benefit of a court order preventing Gorman for having any interaction with Cooper would outweigh the substantial burden the injunction would impose on WCI's administration. Cooper contends that Gorman will kill him. To be sure, death is an irreparable harm. But Cooper adduces no evidence to show that Gorman could or would make another attempt on Cooper's life. There is no indication that Gorman has harmed Cooper, or even threatened to harm him, since placing a razor blade in Cooper's bowl of soup—which seems to be an ineffective method of murder, as evidenced by the fact that Cooper claims only to have suffered a few minor lacerations. *See* Dkt. 45-1. Gorman now works in other areas of WCI, and the parties agree that Gorman and Cooper have minimal day-to-day contact. An injunction would

---

[1] Cooper argues that I should strike the declarations defendants submit in opposition to his motion because they are not signed. The declarations are signed electronically, but the declarants are not authorized to use electronic signatures. *See* Dkt. 53, at 5 and Dkt. 54, at 4. Although some courts may be willing to overlook unauthorized electronic signatures, *see Black v. P.F. Chang's China Bistro, Inc.*, 16-cv-3958, 2017 WL 2080408, at *4 (N.D. Ill. May 15, 2017), this court is not. Under the court's electronic filing procedures, only a lawyer or a pro se party who has a registered username and password to file documents electronically with the court may sign documents electronically. *See Electronic Filing Procedures*, United States District Court, Western District of Wisconsin, http://www.wiwd.uscourts.gov/electronic-filing-procedures. All other documents must be physically signed with a pen and paper. This is not a pointless formality: it ensures that the declarant has reviewed the declaration before it is filed. So I will provisionally deny Cooper's motion, but I will require defendants' prompt submission of physically signed versions of these declarations.

simply change "minimal" contact to no contact, slightly reducing the already low risk of harm to Cooper. Meanwhile, the injunction would impose a large burden on the prison system. It would require altering several staff members' work schedules and would force supervisors to confirm where Cooper was before directing Gorman to work, severely impeding the efficiency of the WCI staff. *See* Dkt. 63, ¶¶ 32-34.  So I will deny Cooper's motion for a preliminary injunction.

**B.  Motion to preserve evidence**

Cooper moves the court to order defendants to preserve the razor blade in question for DNA testing. Dkt. 64. But the razor blade was disposed of long before Cooper filed his motion. *See* Dkt. 53-2 and Dkt. 69, ¶ 9.[2] So I will deny Cooper's motion as moot.

**C.  Motion for leave to amend**

Cooper moves for leave to amend his complaint to add a Fourteenth Amendment due process claim against Rosenthal. Under Federal Rule of Civil Procedure 15 the court should freely give leave to amend a complaint when justice so requires. I must screen Cooper's proposed new claim under 28 U.S.C. § 1915A, just as I screened the claims in his original complaint.

Cooper contends that Rosenthal violated his due process rights by intentionally destroying the razor blade, the "only piece of evidence that would prove Cooper's First Amendment retaliation claim against Gorman." Dkt. 67, at 1. The Fourteenth Amendment's Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property,

---

[2] Rosenthal's supplemental declaration also bears an electronic signature. *See* Dkt. 69, at 2. For the reasons discussed in footnote 1, I will provisionally deny Cooper's motion pending defendants' prompt submission of a physically signed version of this declaration.

without due process of law." U.S. Const. amend. XIV, § 1. It's true that "bad-faith destruction of exculpatory evidence" in a criminal case violates the Due Process Clause. *Armstrong v. Daily*, 786 F.3d 529, 552 (7th Cir. 2015). But this is a civil suit, and there is no indication that Rosenthal disposed of the razor blade (which is not exculpatory evidence) in bad faith. So Cooper does not state a claim under the Due Process Clause.

To be thorough, I'll note that Cooper does not state an access-to-the-courts claim, either. As I explained in an earlier order denying Cooper leave to proceed against Rosenthal, Dkt. 34, at 7-8, to state such a claim, an inmate must allege that the defendant actually "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Cooper has been able to bring his claim concerning the March 8 incident against Gorman despite the unavailability of the razor blade as evidence. So I will deny Cooper's motion for leave to amend his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motion for preliminary injunction, Dkt. 33, is provisionally DENIED pending defendants' submission of physically signed declarations.

2. Plaintiff's motion to preserve evidence, Dkt. 64, is provisionally DENIED as moot pending defendants' submission of physically signed declarations.

3. By July 28, 2017, defendants must file physically signed versions of the declarations discussed in this order, Dkt. 53; Dkt. 54; Dkt. 69.

4. Plaintiff's motion for leave to file an amended complaint, Dkt. 67, is DENIED.

Entered July 21, 2017.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge