IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                                                              ORDER

JEFFREY MEYER, PATRICK GORMAN, and                16-cv-526-jdp
CORY SABISH,

                Defendants.

---

Pro se plaintiff Demetrius Cooper, a state prisoner confined at the Waupun Correctional Institution (WCI), is proceeding on claims under the First and Eighth Amendments against defendants Jeffrey Meyer, Patrick Gorman, and Cory Sabish, WCI employees. The trial in this case is scheduled for the week of April 30, 2018.

I held a telephonic hearing on April 13, 2018, to address Cooper's motion to strike the trial date. Dkt. 187. At the hearing, Cooper appeared pro se and defendants appeared by counsel, Brandon Flugaur. In his motion, Cooper explained that he could not prepare for trial because defendants had failed to provide certain discovery and assist Cooper in locating Dr. Desiree Grin, in contravention of my March 19, 2018 order. *See* Dkt. 179. Defendants had already indicated that their response to Cooper's supplemental discovery requests crossed in the mail with Cooper's motion. *See* Dkt. 185. As for Dr. Grin, defendants' counsel indicated during the hearing that they have located Dr. Grin, provided her attorney's contact information to Cooper, and arranged for her to testify by telephone during trial. Cooper agreed that these issues have been satisfactorily resolved, so I will deny his motion to strike the trial date.

Cooper raised two other issues during the hearing. First, he indicated that despite defendants' counsel's instruction to WCI officials to allow Cooper to pay for copy of pattern jury instructions and similar materials with a legal loan, *see* Dkt. 179, at 8, he has still been unable to obtain these copies. But Cooper has this court's standard voir dire questions and jury instructions, *see* Dkt. 20, at 23–39, and he indicated at the hearing that he has no objections to using the standard instructions. He also has copies of defendants' proposed voir dire questions and jury instructions. *See* Dkt. 157–60. Attached to this order are draft voir dire questions and preliminary jury instructions tailored to this case. The parties may raise objections to these drafts during the final pretrial conference. I will provide draft post-trial jury instructions and verdict forms to the parties in advance of trial. The parties may raise objections to those drafts at the instruction conference near the end of trial.

Second, Cooper asked that he be provided with a pair of handcuffs and a tether to show to the jury during trial. Defendants do not object. I will order defendants' counsel to obtain a pair of handcuffs and tether from WCI to bring to trial.

Finally, I will address two additional matters concerning trial. First, as I mentioned during the March 14 telephonic scheduling conference, a criminal case is scheduled for trial during the same week as this one. The parties consented to allow Magistrate Judge Stephen Crocker to conduct the voir dire on April 30. I will preside over the remainder of the trial, which will being on Wednesday, May 2. I will direct the clerk of court to schedule a telephonic final pretrial conference the week prior. At the telephonic final pretrial conference, I intend to rule on the parties' motions in limine and finalize the voir dire questions and preliminary jury instructions.

Second, if Cooper wishes to appear at trial in street clothes, this court's policy is that he must make his own arrangements for street clothing by asking family members or friends to have his street clothing delivered to the office of the United States Marshal, 120 N. Henry Street, Madison, Wisconsin 53703, not later than 8:00 a.m., April 30, 2018. Alternatively, Cooper may ask prison officials to transfer his clothing to the marshal when they bring him to the courthouse for trial. Whether they would agree to do this is a matter within their discretion.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius Cooper's motion to strike the trial date, Dkt. 187, is DENIED.

2. Defendants' counsel is directed to obtain a pair of handcuffs and tether from the Waupun Correctional Institution and bring them to trial.

3. The clerk of court is directed to schedule a telephonic final pretrial conference the week of April 23, 2018.

Entered April 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge