IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                      Plaintiff,

v.

JEFFREY MEYER, PATRICK GORMAN, and
CORY SABISH,

                      Defendants.

FINAL PRETRIAL
CONFERENCE ORDER

16-cv-526-jdp

---

I held a final pretrial conference in this case on April 23, 2018. Plaintiff Demetrius Cooper appeared pro se. Defendants appeared by counsel, Brandon Flugaur. I struck the April 30 trial date because of defendant Jeffrey Meyer's hospitalization and ordered defendants' counsel to inform the court of Meyer's status in 30 days. At that point, I will either schedule a new trial date or order defendants' counsel to provide another 30-day status update.

I reminded Cooper that he must make his own arrangements if he wishes to wear street clothes during the trial. As for restraints for Cooper and the other incarcerated witnesses, I will take input from the security detail about what restraints are appropriate. A stun belt is often appropriate.

The parties discussed the voir dire questions, jury instructions, and special verdict form as distributed. Updated versions of the voir dire questions and preliminary jury instructions are attached to this order. I will set a short deadline for Cooper to object in writing to the voir dire questions and preliminary instructions. Final decisions on the post-trial jury instructions and verdict form will be made at the instruction conference near the end of trial.

The parties also discussed trial exhibits. Defendants must submit electronic copies of their exhibits to the court no later than noon on the last business day before trial. Cooper has already filed copies of his exhibits with the court. If he decides to use any other exhibits, he should file copies of them with the court as well. He should bring the originals with him to trial. Cooper asked that the court send him copies of the witness declarations he submitted in support of his summary judgment motion; the court will direct the clerk of court to do so. Cooper reiterated his request that a pair of handcuffs and tether be available as exhibits at trial; he explained that the Waupun Correctional Institution uses two types of tethers: a short one for the strip cage and a longer one for cell doors. He wishes to present the short one to the jury at trial, and defendants agree that that is the one pertinent to this case. Out of an abundance of caution, I will direct defendants' counsel to bring both types of tethers to trial.

I ruled on the parties' motions in limine and objections to exhibits and witnesses. My rulings are memorialized below.

ORDER

IT IS ORDERED that:

1. The April 30, 2018, trial date is STRUCK.

2. By May 23, 2018, defendants' counsel must notify the court of defendant Jeffrey Meyer's health status.

3. Plaintiff Demetrius Cooper may have until May 3, 2018, to object to the updated voir dire questions and preliminary jury instructions attached to this order.

4. Defendants' counsel is directed to obtain a pair of handcuffs, a long tether, and a short tether from the Waupun Correctional Institution and bring them to trial.

5. The clerk of court is directed to send plaintiff copies of Dkts. 110–114.

6. Plaintiff's motion in limine no. 1 to exclude evidence of plaintiff's and plaintiff's witnesses' disciplinary history, Dkt. 139, is GRANTED as unopposed.

7. Plaintiff's motion in limine no. 2 to exclude evidence of plaintiff's and plaintiff's witnesses' criminal history, Dkt. 139, is DENIED. Defendants' counsel will provide plaintiff with the exact language of the question he will ask concerning felony convictions and the number of felony convictions he has calculated for plaintiff and each of plaintiff's witnesses.

8. Plaintiff's motion in limine no. 3 to exclude evidence of witnesses' mental health history, Dkt. 139, is GRANTED as unopposed, with the exception of plaintiff's mental health history.

9. Plaintiff's motion in limine no. 4 to exclude evidence of plaintiff's and plaintiff's witnesses' other lawsuits, Dkt. 139, is GRANTED as unopposed.

10. Plaintiff's motion in limine no. 5 to exclude Tonia Moon's testimony, Dkt. 139, is GRANTED as unopposed.

11. Plaintiff's motion in limine no. 6 to admit lawsuits filed against Cory Sabish, Dkt. 139, is DENIED.

12. Defendants' motion in limine no. 1 to exclude any mention of lawsuits or inmate complaints relating to defendants or any other Department of Corrections employee, with the exception of plaintiff's inmate complaint about the issues in this lawsuit, Dkt. 156, is GRANTED.

13. Plaintiff's objection to defendants' exhibit 1001 (plaintiff's grievance record), Dkt. 164 and Dkt. 167, is SUSTAINED with the exception of pages 11 and 12, which may be used for impeachment.

14. Plaintiff's objection to pages 18–22, 29–33, and 40 of defendants' exhibit 1002 (plaintiff's medical record), Dkt. 164, is SUSTAINED.

15. Plaintiff's objection to defendants' exhibit 1003 (plaintiff's judgments of convictions), Dkt. 167, is OVERRULED with the understanding that the exhibit may only be used for impeachment.

16. Plaintiff's objection to the testimony of Crystal Marchant is OVERRULED.

Entered April 23, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge