IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

                Plaintiff,

v.                                            ORDER

JEFFREY MEYER, PATRICK GORMAN, and          16-cv-526-jdp
CORY SABISH,

                Defendants.

---

Pro se plaintiff Demetrius Cooper, a state prisoner confined at the Wisconsin Secure Program Facility, is proceeding on claims under the First and Eighth Amendments against defendants Jeffrey Meyer, Patrick Gorman, and Cory Sabish, all employees of the Waupun Correctional Institution. The case is headed to trial. I struck the April 30 trial date because of Meyer's hospitalization and ordered defendants' counsel to inform the court of Meyer's status in 30 days. Dkt. 195. Defendants' counsel has now notified the court of Meyer's death. Dkt. 199. This unfortunate event raises several questions about how to proceed.

Cooper indicates that he wants to substitute the personal representative of Meyer's estate as a party, and he asks me to order defendants' counsel to provide him with the personal representative's contact information. Dkt. 200. Under Federal Rule of Civil Procedure 25(a)(1), Cooper has the right to substitute the proper party within 90 days of defendants' serving Meyer's personal representative or successor of a statement noting death. *See Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008). But defendants propose a simpler solution: their counsel is willing to continue to represent Meyer's interests, and the State of Wisconsin is willing to pay any monetary judgment awarded against Meyer, provided that

Cooper agrees to release Meyer's estate from liability. Dkt. 199. Either way, Cooper will be able to bring his claims against Meyer at trial. The proposed stipulation will alleviate the need to substitute Meyer's personal representative as a party and will ensure that Cooper can proceed against Meyer, just as he would have if trial had occurred before Meyer's untimely passing. And the state's agreement that it will pay any judgment against Meyer actually puts Cooper in a better position than he would if he were to proceed against Meyer's estate, because Cooper will not have to worry about whether the judgment will be collectable.

I will allow Cooper the opportunity to review defendants' proposed stipulation before I rule on his motion to obtain Meyer's personal representative's contact information, as that information will be unnecessary if Cooper signs the stipulation. I will direct the clerk of court to schedule a telephonic status conference to set a new trial date and discuss how to resolve the evidentiary issues caused by Meyer's death. I will rule on Cooper's motion for assistance recruiting counsel, Dkt. 201, after those issues have been resolved. At the status conference, I will expect the parties to update me on the status of defendants' proposed stipulation.

ORDER

IT IS ORDERED that the clerk of court is directed to schedule a telephonic status conference in this case.

Entered May 24, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge