IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS COOPER,

    Plaintiff,

v.

JEFFREY MEYER, PATRICK GORMAN, and CORY SABISH,

    Defendants.

ORDER

16-cv-526-jdp

---

DEMETRIUS L. COOPER,

    Plaintiff,

v.

ALLISON McGOWAN, KHRYSTYNA ROSENAU,
PATRICK GORMAN, MICHAEL BRITTEN, NATHAN SANCHEZ, TERANCE LASH, and KYLE TRITT,

    Defendants.

ORDER

17-cv-383-jdp

---

Pro se plaintiff Demetrius Cooper, a prisoner incarcerated at the Wisconsin Secure Program Facility, is proceeding on claims under the First and Eighth Amendments against defendants, officials at the Waupun Correctional Institution, in two related cases. On June 1, 2018, I granted Cooper's motion for assistance in recruiting counsel to represent him for the purpose of mediating both cases, and I stayed the proceedings in *Cooper v. McGowan*, No. 17-cv-383. Dkt. 205 in the '526 case and Dkt. 97 in the '383 case.

The court has now located counsel. Attorneys Naikang Tsao, Megan R. Stelljes, and Katelynn M. Williams of the law firm Foley & Lardner LLP have agreed to represent Cooper

in both cases for the purposes of mediation only, with the understanding that the firm will serve with no guarantee of compensation for its services. It is the court's intention that the scope of representation extends to mediation only, although counsel may extend the scope of representation at their discretion.

Cooper should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with his lawyers and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Cooper does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them. If Cooper decides at some point not to work with these lawyers, he is free to end the representation, but he should be aware that it is unlikely that the court will recruit another lawyer to represent him.

A few final notes on case management. I expect the parties to schedule mediation promptly. The 30-day stay imposed in the '383 case remains in place. Should the parties which to extend the stay, they must submit a report on mediation, as I explained in my June 1 order. Dkt. 97 in the '383 case. The July 30 trial date for the '526 case remains on the calendar.

Entered June 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge